UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL J. GOODWIN** | ) | |
| | ) | **Case Number** |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| vs. | ) | **CIVIL COMPLAINT** |
| | ) | |
| **ASSET ACCEPTANCE, LLC** | ) | |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendant** | ) | |
| | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Michael J. Goodwin, by and through his undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendants, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.  Plaintiff, Michael J. Goodwin, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices as well as violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL") which also prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices. Plaintiff also brings this action for actual and statutory damages and other relief against the Defendant listed above for violations of multiple sections of the Fair Credit Reporting

Act, 15 U.S.C. § 1681 et seq. as amended ("FCRA"), which prohibits original creditors and debt collectors from deceptive and unfair credit reporting.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiff resides in this District.

## III. PARTIES

4. Plaintiff, Michael J. Goodwin, (hereafter, Plaintiff) is an adult natural person residing in Schwenksville, PA 19473. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Asset Acceptance, LLC (hereafter, Defendant), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within but not limited to the State of Michigan and the Commonwealth of Pennsylvania with its principal place of business located at 28405 Van Dyke Avenue, Warren, Michigan 48092.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. In or around January, 2012, Plaintiff began receiving constant calls and notices from the Defendant collecting on an alleged account said to be once owed to Bank of America.

8. At that time, the Defendant stated that the Plaintiff owed a balance of approximately $6,414.00 on account number ending in 9977.

9. In or around April, 2012, Plaintiff began receiving constant calls and notices from the Defendant collecting on another alleged account said to be once owed to Bank of America for $3,254.00 on account number ending 7383.

10. On or about April 10, 2012, Plaintiff received a notice from the Defendant on account ending in 9977.

11. Plaintiff's account balance was now said to be $6,488.04, an increase of approximately $74.00. Defendant never mentions an interest rate explaining how the balance increases thereby confusing and misleading the Plaintiff as to the actual amount owed.

12. Defendant offered the Plaintiff the opportunity to settle the account for 15% off or $399.00 a month if the Plaintiff responded by May 10, 2012.

13. In an attempt to clearly intimidate and mislead the Plaintiff, the Defendant makes reference to the fact that an attorney has not personally reviewed the Plaintiff's information.

14. On or about May 7, 2012, less than thirty (30) days later, and before the expiration of the Defendant's above settlement offer, Plaintiff received another notice urging the Plaintiff to call his account representative "Lori Berry" to discuss further options for payment.

15. On or about May 14, 2012, Plaintiff received a notice from the Defendant on account ending in 7383.

16. Plaintiff's balance due on this account is now said to be $3,279.23. Defendant never mentions an interest rate explaining how the balance increases thereby confusing and misleading the Plaintiff as to the actual amount owed.

17. Defendant's collection letter proceeds to inform the Plaintiff that if he failed to make satisfactory arrangements on this account that the matter would be reviewed for placement with an attorney in his area for potential legal action.

18.     The intimidating and misleading threat of legal action is false because as of the date of this complaint, the Plaintiff is unaware of any legal action that has been taken with respects to the account ending in 7383.

19.     On or about June 4, 2012, Plaintiff received another notice on account ending in 7383 offering the Plaintiff the opportunity to settle the account for 15% off or $249.00 a month if the Plaintiff accepted by July 4, 2012.

20.     The above account balance was now said to be $3,291.49.  Once again, the Defendant never mentions an interest rate explaining how the balance increases thereby confusing and misleading the Plaintiff as to the actual amount owed.

21.     Plaintiff was again informed that her information was not yet reviewed by an attorney.

22.     Defendant at no time explained how their balance due continued to fluctuate on both accounts with inconsistent and inaccurate amounts.

23.     In October, 2012, Plaintiff was served with a civil complaint filed in the Commonwealth of Pennsylvania in the County of Montgomery for account ending in 9977.

24.     The complaint above stated that the Defendant was now looking for the balance due of $6,593.29.

25.      Despite Plaintiff's contention that the account listed above was last paid on sometime in the summer of 2008, the Defendant has the date of delinquency listed as April 20, 2009.

26.     Defendant is currently reporting both of these accounts inaccurately on Plaintiff's credit and with completely inconsistent and inaccurate amounts.

27. Just one month later from the filed Civil Complaint, in November, 2012, the Defendant is now reporting that the Plaintiff owes a balance of $6,729.00 on account ending 9977, an inexplicable increase of approximately $135.00.

28. Defendant is reporting that a balance of $3,384.00 is outstanding on account ending 7383.

29. Defendant has continually failed to fully explain the constant and continuous changes in the balances they are trying to collect and that they are incorrectly reporting on Plaintiff's credit.

30. The Defendants knew or should have known that their actions violated the FDCPA, FCRA and relevant state statutes. Additionally, the Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, FCRA, or other state statutes but neglected to do so and failed to adequately review those actions to insure compliance was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

31. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

32. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – FDCPA

33.    The above paragraphs are hereby incorporated herein by reference.

34.    At all times relevant hereto, Defendants were attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

35.    The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(2): | Character, amount or legal status of the alleged debt |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692f(5): | Caused any charges to be made to the consumer |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, for the following:

    a.    Actual damages;

    b.    Statutory damages pursuant to 15 U.S.C. § 1692k;

    c.    Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.  Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT- (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

36. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

37. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

38. The alleged debt Defendant were attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

39. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

40. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

41. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

42. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

43.     By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a.      Actual damages;

b.      Treble damages;

c.      An award of reasonable attorneys fees and expenses and costs of court; and

d.      Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

44.     The foregoing paragraphs are incorporated herein by reference.

45.     Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

46.     The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

47.     The actions of the Defendant, as aforesaid, constitute unfair acts or practices under the UTPCPL, by way of the following, inter alia:

a.      Defendant misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

b.  Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

c.  Defendant failed to comply with the FDCPA and FCEUA which are <u>per se</u> violations of the UTPCPL.

48.  As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

49.  By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a.  An Order declaring that Defendant violated the UTPCPL;

b.  Actual damages;

c.  Treble damages;

d.  An award of reasonable attorney's fees and expenses and cost of suit; and

e.  Such additional relief as is deemed just and proper, or that the interest of justice may require.

## **COUNT IV – FCRA**

50.  Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

51.  At all times pertinent hereto, Defendant was a "person" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

52. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

53. At all times pertinent hereto, the above mentioned credit reports were "consumer reports" as that terms is defined by 15 U.S.C. §1681a(d).

54. Pursuant to 15U.S.C. §1681n and 15 U.S.C. §1681o, Defendants are liable to the Plaintiff for engaging in the following conduct:

(a) Willfully and negligently failing to report accurate status of the credit account to all credit reporting agencies.

(b) Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b);

(c) Willfully and negligently continuing to furnish and disseminate inaccurate information and derogatory credit account and other information despite having knowledge of its inaccuracy and/or inability to be verified; and

(d) Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C §1681s-2(b).

55. The conduct of Defendant, was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**WHEREFORE**, Plaintiffs respectfully request that this court enter judgment in his favor and against, Defendant, for the following:

     a.     Actual damages;

     d.     Statutory damages pursuant to 15 U.S.C. §1692k;

     c.     Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

     d.     Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date: December 12, 2012**     **BY:** */s/ Brent F. Vullings bfv8435*
Brent F. Vullings, Esquire
Vullings Law Group, LLC
3953 Ridge Pike
Suite 102
Collegeville, PA  19426
610-489-6060
610-489-1997 fax
bvullings@vullingslaw.com
Attorney for the Plaintiff